# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9362 | **DATE** | 5/17/2004 |
| **CASE TITLE** | Brandon, et al. Vs. Nestle USA, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment as to all claims is granted. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | **2** number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 18 2004 date docketed | 46 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/17/2004 date mailed notice | |
| | MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 1 8 2004

DOREEN BRANDON, PATRICIA A. )
BROWN, JOYCE KING, AND MARIAH )
WALLACE, )
)
)
Plaintiffs, )
)
v. ) No. 02 C 9362
)
NESTLE USA, INC., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Doreen Brandon, Patricia A. Brown, Joyce King, and Mariah Wallace are female African-American hourly employees at defendant Nestle USA, Inc.'s ("Nestle") Franklin Park, Illinois manufacturing facility. A white male named Michael Nebolsky began working as a supervisor at the facility on May 25, 2001. Between that date and his August 29, 2002 termination, Mr. Nebolsky allegedly harassed the plaintiffs because of their race and sex. In August 2002, each of the plaintiffs filed a charge with the Illinois Department of Human Rights and Equal Employment Opportunity Commission ("EEOC"), and each has received a right-to-sue letter. On December 23, 2002, the four plaintiffs jointly filed the instant complaint against Nestle, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*. Nestle now moves for summary judgment. I GRANT the motion as to all claims.

46

On a motion for summary judgment, I evaluate the admissible evidence in the light most favorable to the non-moving party in order to determine whether the evidence presents a genuine issue of material fact. *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002). There are two methods by which a plaintiff may prove intentional discrimination by an employer under Title VII. She may rely on direct evidence, or in the alternative, she may rely on the burden-shifting method of proof established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

As a preliminary matter, Nestle argues that it is entitled to summary judgment to the extent that the plaintiffs' claims are outside the scope of their EEOC charges. While a Title VII plaintiff "need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint," she can only pursue a claim of discrimination or retaliation if it is "like or reasonably related to" the allegations of the charge and grows out of those allegations. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Here, none of the plaintiffs alleged race discrimination in their EEOC charges. "An allegation of race discrimination is not 'like or reasonably related to' an allegation of sex discrimination." *Crawford v. Bank of Am.*, 986 F. Supp. 506, 508 (N.D. Ill. 1997) (Aspen, J.). Similarly, where the plaintiff's EEOC charge does not allege retaliation or even that the plaintiff engaged in some kind of protected activity, a claim

for retaliation cannot lie. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 353, 550 (7th Cir. 2002). None of the plaintiffs' EEOC charges hint at race discrimination, and Ms. King's contains no suggestion of retaliation. The motion for summary judgment is GRANTED as to these theories of recovery.

To maintain an actionable claim that Mr. Nebolsky's conduct created a hostile work environment at Nestle and thus constituted sexual harassment in violation of Title VII, the plaintiffs must demonstrate that they were harassed because of their sex. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 462. (7th Cir. 2002). Title VII does not provide a cause of action where a supervisor is abusive to male and female employees alike. *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 346 (7th Cir. 1999). In addition, this harassment must be severe or pervasive, both objectively and subjectively offensive, so that a reasonable person would find it hostile or abusive. *Hilt-Dyson*, 282 F.3d at 463. In determining whether contested behavior creates an objectively hostile work environment, a court may consider factors including the frequency of the complained-of conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's ability to work. *Id.*

The evidence submitted by both sides makes it abundantly clear that Mr. Nebolsky was an unpleasant supervisor with poor management skills and that his subordinates found his behavior toward them

odious and inappropriate. It is less clear, however, whether Mr. Nebolsky's sexually discriminatory behavior so poisoned the atmosphere at the plant as to create a hostile working environment under Title VII. Most of the unpleasant interactions the plaintiffs complain of, including Nebolsky yelling at his subordinates, standing too close to them, whispering into their ears, cursing, etc., characterized his unprofessional interactions with male and female employees alike. The plaintiffs admit Mr. Nebolsky "got in the face" of male employees, engaged in shouting matches with them, and bumped into them, and that male employees lodged complaints about Mr. Nebolsky with their union stewards. Most of the plaintiffs' allegations involve such non-gender-specific forms of harassment.

The gender-specific incidents cited by the plaintiffs include a number of occasions when Mr. Nebolsky stood so close to female employees that his shoulder touched their breasts (Ms. Brandon, Ms. Brown, Ms. King, Ms. Wallace), a few occasions when he placed a hand on a female employee's shoulder and slid it down toward her breasts (Ms. Wallace, Ms. King), and isolated occasions when he snatched a telephone out of a female employee's hand, thereby making contact with her breast (Ms. Brandon), pulled at a female employee's shirt to reveal a necklace underneath (Ms. King), grabbed the shoulders of a female employee (Ms. King), and pulled a stool out from under a female employee, making contact with her

buttocks (Ms. King). While these interactions obviously, and rightly, caused the plaintiffs distress, they do not cumulatively constitute an objectively hostile work environment under *Hilt-Dyson*. *Compare Ferguson v. Chicago Hous. Auth.*, 155 F. Supp. 2d 913, 917 (N.D. Ill. 2001) (Bucklo, J.) (denying summary judgment to employer where a supervisor propositioned an employee, attempted to "feel her up," or rubbed his body against her every day over an extended period of time); *Grant v. Murphy & Miller Inc.*, 149 F. Supp. 2d 957, 969 (N.D. Ill. 2001) (Shadur, J.) (harassment is pervasive where plaintiff was hit on two to three times a week over the course of eight months).

Thus, while the plaintiffs (and their male co-workers) apparently suffered severe and pervasive harassment at Mr. Nebolsky's hands, they suffered only sporadic and moderate *sexual* harassment which did not rise to the level actionable under Title VII. Therefore, the defendants' motion for summary judgment is GRANTED.

ENTER ORDER:

_Elaine E. Bucklo_
United States District Judge

Dated: May 17, 2004